Filed 6/22/23  Sidney v. Riley CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| CHARLES SIDNEY, JR., <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> DANA RILEY, <br><br>     Defendant and Appellant. | A165046 <br><br> (Alameda County <br> Super. Ct. No. RG17849697) |

Dana Riley has filed a notice of appeal from an undated order she describes as "pursuant to 904.1 order/judgment after 664 motion to enforce settlement denied."  The record contains a minute order entered on April 4, 2022, denying Riley's motion "to enter judgment against plaintiff Charles Sidney, Jr. pursuant to the terms of the parties' settlement agreement."  We liberally construe the notice of appeal to be taken from that order.  No respondent's brief has been filed.

We affirm the order.

### DISCUSSION

The nature of this controversy is unclear, and the appellate record is sparse.  Excluding the register of actions, the clerk's transcript is only 15 pages, and the April 4, 2022 minute order is the only substantive document in it.  The order reflects the following:

1

Judgment was entered against Riley in the amount of $81,960.75 pursuant to a settlement agreement. According to the trial court, "based on the moving and opposition papers" filed below, the parties "engaged in subsequent settlement discussions regarding [Riley] obtaining a secured loan in order to assume the mortgage and pay Plaintiff the money owed under the settlement." Thereafter, Riley filed a motion to enforce the settlement agreement, arguing that plaintiff refused to execute "the necessary 'paperwork'" that would enable Riley to undertake the refinancing. Riley's motion was supported by an *unsigned* declaration and opposed by plaintiff's sworn declaration stating that the paperwork Riley had supplied him was incomplete. At the hearing on Riley's motion, plaintiff agreed to provide the required signatures but took the position that a third party's signature also would be needed in order for the refinance to proceed. The trial court concluded, "[n]otwithstanding Plaintiff's apparent agreement to execute the documents identified by [Riley] . . . in the moving papers, the record before the Court does not provide a legal or factual basis to grant the motion and enter judgment against Plaintiff pursuant to the terms of the settlement agreement. Accordingly, the motion is denied."

It is an appellant's burden to demonstrate error on appeal. " 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmative shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Among other consequences arising from these principles, we disregard all factual statements in Riley's appellate brief that are not supported by a citation to the appellate record (*Madrigal v. Hyundai Motor*

2

*America* (2023) 90 Cal.App.5th 385, 162, fn. 14; *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 156); arguments that are not captioned under an appropriate legal argument heading (see *Herrera v. Doctors Medical Center of Modesto* (2021) 67 Cal.App.5th 538, 547-548; see also *United Grand Corp.* at p. 154, fn. 2); and all arguments that are not supported by a cogent legal argument. (See *Doe v. McLaughlin* (2022) 83 Cal.App.5th 640, 654; *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956; see also *Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 525 [appellant's "sparse legal citations" and "questioning" of court's reasoning "does not meet his duty as appellant to affirmatively show the court erred"].) Moreover, " '[f]ailure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609; accord, *Herrera*, at p. 546 ["[a]ppellants fail to carry the burden of affirmatively demonstrating error if they, among other things, do not provide an adequate record on appeal . . . "].)

Riley has not met her burden to demonstrate the court erred in denying her motion to enforce the settlement.

First, the record is not adequate for us to consider her arguments. Without the motion papers themselves and plaintiff's opposition, "we cannot review the basis of the court's decision" on her motion to enforce the settlement. (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 [appellant failed to meet burden of demonstrating error by inadequate record].) Simply put, there is nothing for us to review.

Riley also has articulated no intelligible legal argument for reversal. She asserts various reasons the trial court abused its discretion or otherwise erred in ruling on her motion. But none are supported by any reasoned argument or citation to relevant legal authorities. (See, e.g., *Lake Lindero*

3

*Homeowners Assn., Inc. v. Barone* (2023) 89 Cal.App.5th 834, 838, fn. 2 [holding all such arguments forfeited].) And some are clearly wrong, such as her arguments that essentially ask us to decide that she was a more credible witness than plaintiff. Credibility determinations are the trial court's job. Appellate courts "disregard all contentions challenging the trial court's credibility determinations as insufficient to support reversal of the order." (*Lake Lindero Homeowners Assn.,* at p. 838, fn. 2.)

Riley also argues the court erroneously denied a motion for reconsideration, but neither the reconsideration motion nor the ruling are in the record. Here again, there is nothing for us to review.

## DISPOSITION

The order denying defendant's motion to enforce the settlement is affirmed.

4

_____
STEWART, P.J.

We concur.


_____
RICHMAN, J.



_____
MARKMAN, J.*


*Sidney v. Riley* (A165046)

_____

\* Judge of the Alameda Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.